BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
EDWARD M. LYMAN, ESQ. (SBN 248264)
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVELL FOBI, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, OFFICER WINDLE HAWKINS, an individual; OFFICER RUDY LUCERO, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.　Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)<br><br>2.　Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)<br><br>3.　Negligence (Cal. Government Code §§ 815.2(a), 820(a))<br><br>4.　Violations of Civil Rights (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff NORVELL FOBI (hereinafter referred to as "Plaintiff") is, and at all relevant times herein was, a resident of the County of Los Angeles and State of California.

4. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER WINDLE HAWKINS (hereinafter "OFFICER HAWKINS") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER HAWKINS was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

6. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER RUDY LUCERO (hereinafter "OFFICER LUCERO") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER LUCERO was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and in the course and scope of his employment with the Defendant CITY and the Los Angeles Police

Department

7. On or around November 18, 2019, a timely Claim for Damages was submitted to the City of Los Angeles, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**FACTS COMMON TO ALL COUNTS**

11. This Complaint concerns an officer-involved shooting incident which occurred during the late evening hours of Monday, May 20, 2019, in the parking lot

3

located at or around 10819 South Broadway in the City and County of Los Angeles and State of California. At approximately 11:03 p.m. on that date, Plaintiff NORVELL FOBI and passenger Jada Mitchell were pulled over for a minor traffic stop in or around 10819 South Broadway in the City and County of Los Angeles when Defendants OFFICER HAWKINS and OFFICER LUCERO (hereinafter collectively referred to as "Defendant Officers"), while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future.

12. During the course of the detention of Plaintiff, Defendant Officers negligently assessed the circumstances presented to them, and then violently confronted Plaintiff. Without warning, Defendant Officers proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearm at the person of Plaintiff, inflicting several gunshot wounds to Plaintiff's person. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to Defendant Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

13. Both prior to and during the time in which he was shot, Plaintiff was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant Officers shot Plaintiff, Defendant Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff

posed the risk of death or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff NORVELL FOBI Against Defendant OFFICER WINDLE HAWKINS and Defendant OFFICER RUDY LUCERO for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendants OFFICER HAWINS and OFFICER LUCERO. The CITY provided its individual Defendant employees and agents, including Defendant Officers, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Los Angeles Police Department.

17. Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, Defendant Officers were employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Los Angeles Police Department.

18. At approximately 11:03 p.m. on that date, Plaintiff NORVELL FOBI and passenger Jada Mitchell were pulled over for a minor traffic stop in or around 10819 South Broadway in the City and County of Los Angeles when Defendants Officers, while acting under color of law and in the course and scope of their employment with the

The Cochran Firm California 4929 Wilshire Bl. Suite 1010 (323)435-8205

Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future.

19. Without warning, Defendant Officers proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearm at the person of Plaintiff, inflicting several gunshot wounds to Plaintiff's person. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to Defendant Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

20. Both prior to and during the time in which he was shot, Plaintiff was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable and similarly situated peace officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant Officers shot Plaintiff, Defendant Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death or serious bodily injury to any person.

21. At all times mentioned herein, Defendant Officers acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. Defendant Officers deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22. Plaintiff had the right to be free from unreasonable governmental seizures of

his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant Officers, which proximately caused severe injuries to Plaintiff, including, but not limited to, gunshot wounds to Plaintiff's person.

23. Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against OFFICER HAWKINS and OFFICER LUCERO in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff was shot on May 20, 2019, and suffered severe injuries which include, but are not limited to, gunshot wounds to his person.

25. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

26. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

27. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

### FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff NORVELL FOBI Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

28. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

30. At approximately 11:03 p.m. on that date, Plaintiff NORVELL FOBI and passenger Jada Mitchell were pulled over for a vehicle code infraction in or around 10819 South Broadway in the City and County of Los Angeles when Defendants Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future.

31. Without warning, Defendant Officers proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of Plaintiff, inflicting several gunshot wounds to Plaintiff's person. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to Defendant Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

32. Both prior to and during the time in which he was shot, Plaintiff was not carrying any kind of weapon on his person, and posed no reasonable or credible threat of

violence to Defendant Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant Officers shot Plaintiff, Defendant Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death or serious bodily injury to any person.

33. Plaintiff is informed, believes, and thereupon alleges, that in using deadly force against him, as described in the foregoing paragraphs of this Complaint, Defendant Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against OFFICER HAWKINS and OFFICER LUCERO in an amount to be proven at the trial of this matter.

34. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff was shot on May 20, 2019, and suffered severe injuries which include, but are not limited to, gunshot wounds to his person.

35. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

36. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Officers, Plaintiff has been required to employ, and did

in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

## FOR THE THIRD CAUSE OF ACTION

### (By Plaintiff NORVELL FOBI Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])

37. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

38. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

39. At approximately 11:03 p.m. on that date, Plaintiff NORVELL FOBI and passenger Jada Mitchell were pulled over for a minor traffic stop in or around 10819 South Broadway in the City and County of Los Angeles when Defendants Officers while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime, or would commit a crime in the future.

40. During the course of the detention of Plaintiff, Defendant Officers negligently assessed the circumstances presented to them, and then violently confronted Plaintiff. Without warning, Defendant Officers proceeded to negligently discharge their department-issued firearm at the person of Plaintiff, inflicting several gunshot wounds to Plaintiff's person. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to Defendant Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

41. Both prior to and during the time in which he was shot, Plaintiff was not

carrying any kind of weapon on his person, and posed no reasonable or credible threat of violence to Defendant Officers, nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant Officers shot Plaintiff, Defendant Officers were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death or serious bodily injury to any person.

42. Plaintiff is informed and believes, and thereupon alleges, that on and before May 20, 2019, Defendant Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and procedures in approaching and/or attempting to detain civilians and suspects who do not pose a risk of death or serious bodily injury to any person. Notwithstanding each of these duties, Defendant Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to: negligently failing to utilize additional departmental resources during the detention of Plaintiff; negligently failing to utilize available forms of cover and concealment during the detention of Plaintiff; negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the detention of Plaintiff; negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the detention of Plaintiff; negligently employing a tactical response during the detention of Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff; negligently employing deadly force against an individual in contravention of the policies of the Los Angeles Police Department; negligently failing to determine the fact that Plaintiff posed

no immediate threat to the safety of any person when he was shot; negligently inflicting physical injury upon Plaintiff, as described herein; and negligently employing deadly force against Plaintiff when the same was unnecessary and unlawful. All of these negligent acts proximately caused Plaintiff's injuries.

43. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was shot on May 20, 2019, and suffered severe injuries which include, but are not limited to, gunshot wounds to his person.

44. As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

45. As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION
**(By Plaintiff NORVELL FOBI Against Defendant OFFICER WINDLE HAWKINS and Defendant OFFICER RUDY LUCERO for Violations of Civil Rights ([Cal. Civ. Code § 52.1])**

46. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

47. As described in the foregoing paragraphs of this Complaint, the individual defendants, and each of them, interfered with, and attempted to interfere with the rights secured to Mr. Fobi by the Fourth Amendment to the United States Constitution, and acted with the specific intent to violate Mr. Fobi's constitutional rights, and inflict upon Mr. Mallard an injury to his civil rights distinguishable from the event of his arrest by

using lethal force without constitutional justification, as described herein, entitling Mr. Fobi to damages under Cal. Civ. Code § 52.1.

48. As a direct and proximate result of said violations, Mr. Fobi was wrongfully shot, and was caused to suffer the attendant physical, emotional, and pecuniary damages and entitlement to punitive damages, as described herein.

49. Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to Cal. Civ. Code § 52.1.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: June 12, 2020          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn

BRIAN T. DUNN